**THE LAW OFFICE OF**
# ELISA HYMAN, P.C.

December 7, 2021

*VIA ECF*
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/7/2021
```

      Re:    *C.S. et al. v. N.Y.C. Dep't of Educ., et al.*
               21-cv-7927 (MKV)

Dear Judge Vyskocil:

      I represent the Plaintiffs in the above-referenced case and write jointly with counsel for the Defendants to respectfully request an adjournment of the initial conference currently scheduled for December 14, 2021 and a corresponding extension of time to submit a proposed Case Management Plan ("CMP"). ECF No. 16.

**Overview of the Claims**

      Plaintiff C.S. and C.S.1 are the parents of Y.S., a young woman with multiple disabilities, including Rett Syndrome and a seizure disorder.[1] For the majority of her education and due to her fragility and the nature of her medical condition, Y.S. required home instruction in order to receive the special education necessary to provide a free and appropriate public education ("FAPE") as required by the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. This action involves a former student whose parents allege, *inter alia*, that the New York City Department of Education ("DOE"), Chancellor Meisha Porter and the New York City Board of Education ("BOE") (collectively "Defendants" or "DOE") have failed to implement orders of administrative hearing officers and denied the student's right to stay-put services (also called "Pendency") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(j). Additionally, this action raises systemic claims and brings claims pursuant to the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"), the New York State Constitution, and New York State Education Law.

      Starting in 2015, C.S. and C.S.1 obtained counsel and filed a request for an administrative hearing under the IDEA concerning Y.S.'s 2014-2015 through 2017-2018 school years. Defendants designated it as IH Case No. 156314 and Plaintiffs received a favorable order on pendency maintaining Y.S.'s special education during the administrative proceedings. In

---

[1] Rett Syndrome is a rare genetic neurological disorder that significantly affects speech, use of limbs, and mobility.

1115 BROADWAY, 12TH FL.        42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010        NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

September, 2018, C.S. and C.S.1 received a final decision, which ordered, *inter alia*, extended eligibility for Y.S. to continue to receive special education beyond her 21st birthday until September, 2021.  In this action, Plaintiffs claim that the Defendants failed to implement the favorable pendency and final orders.  Additionally, Plaintiffs raise systemic claims concerning Defendants' policies and practices (or lack thereof), and in particular Defendants' failure to offer a home instruction program that provides a FAPE.  Among other things, Plaintiffs seek declaratory and injunctive relief, equitable relief and compensatory education, as well as attorneys' fees. Defendants dispute Plaintiffs' claims generally and raised defenses in their Answer, which are incorporated by reference herein.

      The parties are engaging in settlement discussions in the hopes of being able to resolve the issues without further litigation.  To evaluate the case for settlement, Plaintiffs seek information concerning Defendants' payment of invoices for services ordered in IH Case No. 156314, and an accounting of services in connection with an alleged past gap in services after the issuance of the final decision in September 2018.  If Defendants confirm that services were missed, the parties will consider negotiating a compensatory bank of services.  Defendants anticipate providing Plaintiffs with this information within the next three weeks. This action relates to past services potentially owed and there are no current implementation issues.  The longer adjournment requested reflects time needed for Defendants to investigate any unpaid invoices, conducting an accounting of services owed, and negotiate a possible settlement – as well as the upcoming holidays.

      In light of the above, the parties respectfully request that the initial conference and corresponding CMP be adjourned for 60 days while Defendants gather the information requested by Plaintiffs' counsel and the parties engage in settlement negotiations.  This is the parties' first request for an adjournment and extension of time to submit a proposed case management plan.

      Thank you for Your Honor's consideration of this request.

      Respectfully Submitted,
THE LAW OFFICE OF ELISA HYMAN, P.C.

By: *Erin O'Connor*

Erin O'Connor, Esq., Of Counsel
*Counsel for Plaintiffs*

---

**GRANTED.  The initial pretrial conference scheduled for December 14, 2021 at 2:00 PM is ADJOURNED to February 15, 2022 at 10:30 AM.  SO ORDERED.**

Date: 12/7/2021
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge

2