```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/31/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

C.S. and C.S.1, on behalf of themselves and on behalf of their child, Y.S.,

                Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY BOARD OF EDUCATION, CHANCELLOR MEISHA PORTER, in her official capacity,

                Defendants.

1:21-cv-07927-MKV

ORDER WITH RESPECT TO DISCOVERY

MARY KAY VYSKOCIL, United States District Judge:

      On April 13, 2022, the Court adjourned the initial pre-trial conference in this matter to May 31, 2022. [ECF No. 22]. In that order, the Court directed the parties to file, one week before the conference, either a letter proposing a briefing schedule or a Proposed Case Management Plan and Scheduling Order and joint letter, as required by this Court's Individual Rules of Practice. [ECF No. 22]. The Court is now in receipt of a letter dated May 25, 2022, from the parties, in which they represent that they are unable to come to an agreement as to whether there is a need for discovery in this case or whether the case can proceed directly to summary judgment briefing. [ECF No. 23]. The Court held an initial pretrial conference in this case on May 31, 2022 to discuss the status of the case, the parties' proposed case management plan, and the parties' respective positions with respect to discovery in this case.

      Defendants contend that discovery in this case is not necessary because, they claim, the only remaining claims in this case are for attorneys' fees related to the underlying administrative proceeding. [ECF No. 23 at 5]. They contends that the New York City Department of Education ("DOE") is in compliance with the relevant administrative orders, that "all invoices have been

paid or are in the process of payment through the regular course of business," and that there is nothing left to implement. [ECF No. 23 at 5].

According to the Complaint, Plaintiffs C.S. and C.S.1 are the parents of Y.S., a young woman with multiple disabilities, including Rett Syndrome and a seizure disorder. (Compl. [ECF No. 1] ¶¶ 4–6, 49–52). Y.S. does not have use of her hands, is non-verbal, and requires eye-gaze assistive technology to communicate. (Compl. ¶¶ 49–54). Plaintiffs obtained home-based special education services, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, every year through administrative litigation, as Defendants do not offer them. (Compl. ¶¶ 55–68).

In this action, Plaintiffs allege that Defendants failed to implement orders of administrative hearing officers ("IHOs") and denied Y.S.'s right to stay-put services (also called "Pendency") under the IDEA. (Compl. ¶¶ 82–91). Plaintiffs also assert a claim under Section 504 of the Rehabilitation Act, alleging that Defendants discriminated against Y.S. by denying her reasonable accommodations and reasonable modifications, and a *Monell* claim under 42 U.S.C. § 1983, alleging that Defendants failed to "have adequate policies, procedures, protocols, and training to ensure that . . . the federal special education laws were being implemented, which caused Y.S. to be deprived of the right to education afforded her under state and federal law as a result." (Compl. ¶¶ 103–107).

To demonstrate a violation under Section 504, Plaintiff must prove "(1) [s]he is a '[disabled] person' under the Rehabilitation Act; (2) [s]he is 'otherwise qualified' for the program; (3) [s]he is excluded from benefits solely because of [her disability]; and (4) the program or special service receives federal funding." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 840–41 (2d Cir. 2014) (citation omitted). The Second Circuit has recognized that a Section 504 claim may be predicated on the claim that a disabled student was "denied access to

a free appropriate education, as compared to the free appropriate education non-disabled students receive." *Id.*  However, such a claim requires proof of bad faith or gross misjudgment. *Id.* Under Section 504, the existence of policies or procedures are relevant to determining bad faith or gross misjudgment. *See J.L. on behalf of J.P. v. New York City Dep't of Educ.*, 324 F. Supp. 3d 455, 468 (S.D.N.Y. 2018).

To prevail on a Section 1983 claim, "plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States without due process of law, and that the alleged deprivation was committed under color of state law." *B.D. v. DeBuono*, 130 F.Supp.2d 401, 430–431 (S.D.N.Y. 2000). A governmental entity like DOE is subject to municipal liability under section 1983 if Plaintiffs show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy." *Hartline v. Gallo*, 546 F.3d 95, 103 (2d Cir. 2008). Such a claim may be predicated on an alleged violation of the IDEA and the Rehabilitation Act. *See J.L.*, 324 F. Supp. 3d at 469.

IT IS HEREBY ORDERED that, with respect to both their Section 504 and 1983 claims, Plaintiffs are entitled to discovery into Defendants' policies, procedures, practices, data, and other similar types of discovery which are relevant to the claims that are alleged in the Complaint. Moreover, Plaintiffs' claims concerning Defendants' failure to implement IHO orders involve matters that post-date the administrative record. Therefore, Plaintiffs are entitled to discovery regarding DOE's alleged failure to implement IHO orders. The Court will enter a case management plan in a separate order.

IT IS FURTHER ORDERED that within thirty days, the DOE shall pay all outstanding invoices which it has represented are "in the process of payment" and shall respond to Plaintiff's demand with respect to attorney's fees.

**SO ORDERED.**

Date:  **May 31, 2022**          **MARY KAY VYSKOCIL**
       **New York, NY**          **United States District Judge**

4